at all. At this time, would counsel for the appellant please come to the podium and introduce himself on the record to begin? Good morning. I am Mark Randazza. With me, my colleague J. Marshall Wollman, Robert Morris. I'd like to reserve four minutes for rebuttal. You Your Honors, any time I'm arguing a First Amendment case, I cannot help but remember the words that made me want to go to law school in the first place. It's from a defamation case, but a First Amendment foundational case nonetheless. That's New York Times v. Sullivan. We have a profound national commitment to the principle that debate on public issues should be uninhibited and wide open. Every time I come in this courthouse, I love to walk past the plaques on the outside. Every one of them reinforces that principle. Every one of them talks about the fact that we need to be able to speak truth to power, speak to our government. Nothing out there says we have to be polite. We should. I like to But nevertheless, everything out there tells us that that debate needs to be wide open and robust, and sometimes it includes even vehement, caustic, and sometimes unpleasant sharp attacks on government officials. This is a government that is of the people, by the people. Mr. Randazza, this is not that much time, so I just want to get to some of the less lofty questions that the case presents, such as mootness, etc. Yes, I'll jump right to mootness, then. We are not moot. Yes, Rule 2 has been superseded during the pendency of this appeal. However, Rule 3C now is the same thing as the lower court said that Rule 2 said in the first place. Rule 2 said you can't criticize anybody who works for the regional school unit. The lower court interpreted that as meaning you just can't talk about them pro or con. Then they passed a new rule that says that. Either way, you're interpreting the same rule. You're interpreting the same decision. So I do believe that it is proper. But just technically, all the issues concerning the way the text of the prior Rule 2 were construed, that aspect of the appeal is moot. I think you should still address it, because we are still going back to the lower court one way or the other. But that part of the that Mr. McBriarty still has damages incurred under that. You're going to be deciding it most likely after summary judgment. But you can certainly. But we're not on appeal from anything other than the injunction motion, correct? Yes, Judge Barrett. So with respect to that, the construction of the 2020 version of the rule is moot. Yes, Your Honor. Okay. But it does not moot the entire appeal, because we are still looking at essentially the same rule that the lower court enforced. With respect to that, I guess there's just a question of whether we wouldn't just remand that set of questions about the new rule as constituted to the district court, which hasn't passed on the text of that rule, given how much its construction depended on the text of the other rule. And then any arguments you wanted to apply, we don't know how this version of it has been applied. The other version didn't specifically say criticism or praise. This one does expressly say that. So it seems that a large number of arguments that were made about the old version of the rule haven't been made as to the text of this one, because it didn't exist at the time of the argument below. So why wouldn't we just remand to the district court for consideration of it in the context of the new text? Because the text of the lower court's decision actually says that the court has interpreted it as prohibiting criticism or praise. I found that analysis strange, but it still is. But I thought a large part of your arguments as to why that was unconstitutional had to do with the strangeness of the text supporting that. But those arguments don't apply in the same way to the text of the new rule, because the text is different. The text is different, but it still suffers from the same constitutional infirmities. When you say the same, I guess that's what I'm having trouble with. It seems like it suffers maybe from constitutional infirmities in your view, but for different reasons than the other one did, precisely because the text is different, given how many of your arguments were dependent on the way the other rule was phrased. Correct. But what I'm challenging is how the lower court interpreted that, not just the lower court. The lower court also said that this rule, despite saying criticism is the only thing banned... Let's take the as-applied portion of your challenge. Yes, sir. Has this text been applied? This text has not been applied. So how could we address your... How could you succeed on your as-applied challenge with respect to the new text? Because the way that the lower court applied... How could you succeed on the as-applied challenge? Not how the district court construed it, the old one. This text has not been applied. How could you make an as-applied challenge to it? What's the record show about how it's been applied? You're correct that this text has never been applied. This rule, however, has been applied. The same rule is there. The same rule, which is... How do we know that the text as now written would be applied in the same way as the text as it was written would be applied? Is there anything in the record to show that? I think it would be impossible for us to go back before the RSU 22 and have RSU 22 say that a rule that previously said you cannot criticize anyone who works for RSU 22, now that it says you can't criticize nor praise them, would be interpreted or applied in a way that would permit criticism. I mean, it's... No, but the point of the as-applied challenge was that it permitted praise and prohibited criticism. That was what you had as evidence in support of challenging it on an as-applied basis, right? Yes, and they've simply... Now they've expressly said it does not permit praise. So what would make us think they would apply it to permit praise and prohibit criticism? I'm not concerned if they permit praise or... But your as-applied challenge depended on the differential treatment of those two types of statements, I thought. Not entirely, Your Honor. What part of the as-applied challenge does not? We also challenged the fact that we anticipatorily addressed this new rule. And we did say, I believe on page six of our brief, we talked about it and we talked about the fact that it's still viewpoint discrimination. It's viewpoint discrimination in the species of the Rosenberger case. So it still prohibits the viewpoint of individualism versus collectivism. We can't talk about individualism... And was that argument made, the point about individualism itself, made as part of the as-applied challenge below? No, Your Honor, because this rule did not exist at the time. So that again would be a reason to remand. Yes, Your Honor. So what's left that there is not a reason to remand as to the new rule? The fact that the new rule is still viewpoint-based discrimination. But the only argument you're giving for that, if I'm hearing it, is the fact that it's personal. You can't... It's not individualized. But as I just understood you to say, you didn't make that point below. We could not. It would have been impossible. But also, I would say that the same infirmity that the old rule had with respect to viewpoint-based discrimination is there and content-based discrimination as well. The lower court did not look at the fact that RSU 22's open comment section is created by state law. So if you're going to have a content-based restriction, I still say it's viewpoint-based, but if it's content-based, as the new one is... And this goes to the reasonableness argument. Yes. But again, your reasonable argument below, I thought, depended in part on the disjunction that you perceive between the text of the old rule and the state statutory authorization for any rule. Yes. And that now is a different issue because the text is now different. But the new rule still suffers from the same problem. But maybe for a different reason. It basically depends on how we slice things. The problem could be it's still unreasonable in your view, but the logic by which you get there has got to deal with new words that you didn't have to deal with before. District courts never passed on that. No argument's been made to the district court about it. Why would we then do it for the first time here? I think it's the same exact challenge, that the reasonableness challenge is identical. They still have gone beyond the border of what the state created as far as the public forum is concerned. Every case that my friend uses to support their position relies on a local municipality that had a rule that it itself created. Here, it's a superior government entity that did so. So I still believe that this rule, as it exists, falls to the same unreasonableness challenge as the old rule. Thank you, Your Honor. Can I ask you before you sit down? Yes. With respect to standing, which was not addressed, my understanding is that in general, in order to have standing, to seek an injunction, there has to be an expression in the complaint of an intention to speak that the challenged policy would prohibit. Is that your understanding? Yes, Your Honor. So where in the complaint is there an allegation of an intention to speak going forward? If that has been left out of our complaint, that was a failure on our part. But Mr. McBriarty has made that clear throughout this case. In fact, that's why he brought the preliminary injunction. Well, I guess the question I'm struggling with is, I don't doubt that he says in the motion for the injunction, temporary restraining order, that he's intended to speak and he gave a date. But when I look at the complaint, he seeks the injunction, that's a requested relief. And he identifies past instances in which he spoke. But I don't see anything in the complaint where he says he intends to speak in the future. Well, if that was not explicit enough, we will amend our complaint. But I think it's apparent and that's why we're here. We would never have filed this without that. But thank you for pointing that out, Your Honor. Thank you, counsel. At this time, the counsel for the appellees will please introduce herself on the record to begin. Good morning. May it please the court, my name is Melissa Huey and together with my colleague Susan Widener, I represent the appellees, Heath Miller and the RSU 22 School Board. I think it probably makes sense for me to jump right into the mootness argument since that seems to be what the court is interested in. I guess I want to start by saying that our initial position was that this is not moot for the very reasons that counsel just expressed, i.e., that McBriarty's contention here is that regardless of whether we're talking about the old rule or the new rule, the rule fails to meet constitutional requirements. What the new rule was essentially is merely a clarification. As Mr. Miller's affidavit made clear, it was always the intention of the school board to prohibit comment on personnel matters writ large, across the board. And since that was not clear... Let me take it in pieces so that I understand what you mean when you say it's not moot. Are you saying that we should address the 2020 version of the rule? No. Is that because that version of the rule is moot? Yes. So then with respect to the new version of the rule, I take it your position would be you win on the as-applied challenge because it hasn't been applied? We win on the as-applied challenge because it hasn't been applied, but also... But that would be a potential reason to remand rather than to just say, game over. I do agree that the new arguments that are raised with regard to the new rule would be a potential reason to remand. I think it's worth noting, however, that the district court did construe the old rule to say pretty much the same thing as the new rule, i.e. that any comments about personnel matters were prohibited, whether they were positive or negative. One thing that's just tricky is that in the old version that said anything about personnel matters, which is not exactly what the new thing says in the sense that the new thing now describes a personnel matter as the discussion of any person. That's not clear to me that the district court was taking that view. Is it to you? Does it ever describe it in those terms? Not in precisely those terms, but I think what the district court said was that personnel matters, together with the explanation by the board chair, made it clear that the intent of the term personnel matters was both positive and negative. Just to wrap up the mootness discussion, I think that to the extent that there is a contention that the new rule or old rule are both unconstitutional, then I don't think that needs to be remanded because the district court construed the old rule to mean essentially the same thing as the new rule. There's two parts to that. There's a question of whether it's viewpoint based and then there's a question of whether it's reasonable. On the viewpoint based, if I'm following, you think the district court's analysis that a prohibition on discussion of a person is not itself a viewpoint based restriction and you think that aspect is as alive in this version of the rule as in the other one? Correct. With respect to the reasonableness, my understanding was that the arguments as to reasonableness were bound up with the way the old rule was written relative to the state law. I'm having trouble seeing how given the changes that have been made to the rule, those arguments about reasonableness have actually been properly presented and considered by the district court. I need to be frank that I don't really understand the appellant's arguments about reasonableness. It seems to me that the restriction is obviously reasonable. I think that's what courts in other jurisdictions that we've cited to have held and that's what the district court discussed in depth. The need to protect employees, the need to have an orderly board meeting, I think it's significant that what school boards decide under Maine law is policy, course of learning, school building, things like that. The actual personnel decisions about specific people is for the superintendent. Making reference to the performance of a particular person isn't necessarily speaking to whether a personnel action should be taken. There's a difference between a personnel matter and a personnel action. What the policy says, obviously more clearly in the new policy than the old policy is, we're not going to talk about specific people at board meetings. That is, I think, an important protection for employees. It's an important protection for the orderly running of the school board. As a practical matter, I think that it's the only way that a school board can run these things. If you say you can't talk about employees, then you can stop people from saying things that they shouldn't say right away. You're not talking about people. People are not what a school board is actually charged with doing. They're charged with talking about policy. In that formulation of it, is the idea then that the concern is to make sure that no person is criticized? No. How is it protecting people to ensure they're not praised? It doesn't matter whether they're praised or criticized. What it's protecting people from is their performance. Why do I need to be protected from being praised? I was a teacher once upon a time. I wouldn't mind being praised. There are people, including myself, who don't like to be held out in public for any reason. I wouldn't want to be discussed at a school board meeting whether you were saying something good or bad about me. I think that these are public school employees who deserve some privacy. That's one thing. The other thing that the district court also discussed is the need to have an orderly and efficient meeting. What we want to have people talking about are school and education matters that come before the board. If you allow a board meeting to devolve into people talking about, Mrs. So-and-so is a good teacher, Mrs. So-and-so is a bad teacher, we shouldn't be having things like that, then we're not using the time for the public school board meeting as we should. That's the purpose of the state... One of the arguments they make as to reasonableness is, let's say I say, calculus instruction in the high school at the BCAP level is terrible. Absolutely appropriate. Even if there's only one person teaching it? Even if there is. Because we're not talking about a person, we're talking about instruction. Instruction is something that anybody should be able to express their views to the board. Just pushing on it, if they say the teacher who teaches it is terrible, but they don't give the name, is that okay? No, because now we're talking about a person instead of an instructional matter, which is a matter for the board. So what the board has said is... So you can say the instruction is terrible, but you can't say the teacher doing the instruction is instructing poorly. It's a line that I think you can sort of come up with hypotheticals that make it start to seem a little bit ridiculous, but in truth I think that it's a line that's very important. Because what a school board does is look at instruction. And what people should be able to express, regardless of their viewpoint, is their view on instruction. A school board is not responsible for individuals, and people should not be talking about individuals at the board meeting. That's the right, I would contend, of a school board. And by that you don't mean naming the person, you just mean referring to an individual actor, even not by name. Referring to an individual actor rather than an education or school matter, correct. So moving along, I guess I don't have a lot more to add. I think that it's worth noting that every court that has considered this has come out the same way that the district court did. And I think that is for a good reason. The law says if you create a limited public forum, you can dictate what content is discussed there as long as it's viewpoint neutral. And as we've discussed, it is viewpoint neutral, and it's reasonable. And we've spent most of this argument talking about why, in my view, the rule is reasonable. So unless there are any other questions, I'll take a seat. Could you just address the standing issue? Because it obviously affects the jurisdiction over the whole case. So I didn't see anything in the complaint expressing an intention to speak going forward. So honestly, I have to say I didn't see anything or not see anything. It didn't occur to me because I know that this is a person who has spoken at school board meetings and continues to speak. So it may be that it's not alleged, and we all just assumed it. If there's any authority that either of you want to submit in a 28J letter about whether a complaint that looks like this provides a basis for standing, we'd appreciate receiving it. Thank you. We will do that. Thank you, counsel. At this time, counsel for the appellant will please reintroduce himself back on the record. He has a three-minute rebuttal. Good morning. Mark Randazza for Sean McBriarty. Your Honor, I did have a chance to look at the complaint during my friend's argument, and I believe in the prayer for relief, we do make perhaps inartfully, but we do make the claim that he wishes to be able to speak in the future and ask for that relief. So again, it is not the most artfully pled item, but as you heard, both parties assumed that that was there. I can also address that my friend mentioned that she wouldn't like to be talked about at a school board meeting. She's an outside counsel, so we could do that. If she then goes in-house, we can't talk about her. We can't even talk about her performance at this oral argument. So if she got hired in-house, that would be what the rule covers. We could talk about the principal from the school system next door, but we can't talk about the superintendent in this school system. There was a lobbyist that worked for the school system. We can't talk about that. But when you say that, just to be clear, you can't talk about them at the school board meeting? Right. So I guess the thing you need to, if it was actually a prohibition on you talking about it, I think you'd have a very, very strong case. Well, we'd have to. But the question that we're trying to figure out is why it is that the school board, for all, they could have a school board meeting in which they say, all we're going to talk about today is the budget. They can't do that. They can't? No. Is that a state law point? It is. Okay. So suppose the state law authorized a state school board to identify the topics for discussion. It could choose, today's hearing is about the budget only, anything else is irrelevant. That would not be a problem, and you wouldn't be able to talk about the principal. Yes. If state law said that, sure. Okay. But then if you're bringing a state law challenge, bring the state law challenge. You're trying to bring a federal constitutional challenge. For purposes of that, don't we have to assume the state law authorizes the rule? No, we do not. And I anticipated this question. Great. No, it is not a state law challenge. The state law creates the meets and bounds of the meeting. No. If the state law either authorizes the restriction or it doesn't, in your view, does it not? It does not. Well, if it doesn't, we don't reach the federal constitutional question because we first have to decide the state law question. If you win on that, there's no federal constitutional challenge. Fair enough. I also... Did you bring a state law challenge? We did not. Well, so then you can't win in this suit on that. Sure. So not fair enough. Yes, it is still. So it's two possible analyses. We can look at this and say, you've broken state law. We don't get to the First Amendment question once that's true. Well, you do. Because the First Amendment cabins inside what the local municipality can limit. No, if that's only relevant if the state law is not limiting it. If you... Yeah. So the state law says that they have to permit any kind of discussion of a school board issue at a school board meeting. That is the definition. That's the reasonableness analysis under the First Amendment. We did not bring a state law challenge. We didn't want to bring a state law challenge. We brought this as a First Amendment challenge because it is both. We don't need to simply say, you violated the state law. The state law actually creates the limited public forum that we all agree exists. So in other cases, if the local municipality, if a municipality in New Hampshire said, we're not going to allow public speaking at all, they can do that. Maine, you can't do that. It's unreasonable because state law requires it. If the one in New Hampshire said, and again, I'm making assumptions about New Hampshire law and maybe a New Hampshire lawyer will say I'm wrong, but across the border in New Hampshire, if they said we're going to limit it to budget matters or we're not going to let you talk about building matters, they could do that. Do you have a case that you cite in which the ground for something being deemed unreasonable in the limited public forum case is that it was unlawful under state law? This is a rare circumstance. I looked at it. I have high love for it, but there has not no, I cannot, I cannot tell you that there has been a case. Always these public forums are created by the body that's actually engaging in the public forum discussion. This is a case. State law creates it. Maine law has built the public forum. You can't break down the walls of that public forum because you got tired of being criticized by Mr. McBriarty. Thank you. And thank you, your honors. The challenge did you have? No. Thank you, counsel. That concludes argument in this case.